# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| NOBLE ROMAN'S INC., | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:14-cv-206-WTL-MJD |
| B & MP, LLC, LESLIE PERDRIAU, | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants' motion to dismiss Count III (mistakenly titled Count Two) of Plaintiff's complaint (dkt. no. 20). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion, for the reasons set forth below.

### I.   STANDARD

Count III of Plaintiff's complaint alleges a claim for common law fraud against the Defendants. The Defendants move to dismiss the fraud claim pursuant to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Under Rule 9(b), "circumstances constituting fraud or mistake" must be plead "with particularity." This means that allegations of fraud or mistake in a complaint must include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) (citations and quotation marks omitted); *see also DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990) (describing Rule 9(b) particularity as "the who, what, when, where, and how: the first paragraph of any newspaper story"). Of course, in ruling on Defendants' motion to dismiss, the Court "must

accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff."
*Agnew v. National Collegiate Athletic Ass'n,* 638 F.3d 328, 334 (7th Cir. 2012).

## II.    PLAINTIFF'S ALLEGATIONS

On March 1, 2010, Plaintiff Noble Roman's and Defendant B & MP, LLC entered into two franchise agreements. At some point thereafter, B & MP began "purposely, intentionally, and knowingly" misreporting its sales to Noble Roman's in order to avoid paying the franchise fees and/or royalties due Noble Roman's under the franchise agreements. Compl. at ¶ 12. Specifically, Noble Roman's alleges, among other things, that B & MP committed common law fraud when it "intentional[ly] and willful[ly] misreport[ed] . . . its sales to Noble Romans." Compl. at ¶ 26.

## III.    DISCUSSION

The Defendants argue that Noble Roman's' fraud claim falls short of the "who, what, when, where, and how" pleading requirement of Rule 9(b). In response, Noble Roman's argues that the franchise agreements

> set forth specific requirements for the reporting of sales and payment of franchise fees and/or royalties. Section IV.B sets a Royalty Fee of 7% of Gross Sales, payable weekly for the previous weeks' Gross Sales. Section IV.B(2) specifies that the franchisee shall report its weekly Gross Sales by facsimile or telephone by noon on the Monday following the close of a week's business.
>
> . . . Fairly construed, NRI is specifically alleging that Defendants, in making the weekly reports to NRI of Defendants' Gross Sales, intentionally underreported them for the express purpose of avoiding the 7% Royalty Fee.

Noble Roman's' Resp. at 4. Although the foregoing explanation satisfies the pleading requirements of Rule 9(b), these specific facts and allegations are not included in the body of Noble Roman's' complaint. As such, Noble Roman's' fraud claim fails to comply with the heightened pleading requirements of Rule 9(b).

2

## IV. CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss is **GRANTED**, and Count III (mistakenly titled Count Two) of Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (citations and quotation marks omitted).

**Plaintiff shall have fourteen days within which to file an amended complaint that complies with the pleading requirements of Rule 9(b).**

SO ORDERED: 10/08/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.